[No. 14670.   Department Two. — August 5, 1892.]

BERNARD S. BLONDEAU, APPELLANT, v. FRANCES
SNYDER ET AL., RESPONDENTS.

FORECLOSURE OF MORTGAGE — DEFAULT JUDGMENT AGAINST SUBSEQUENT
   PURCHASER — INSUFFICIENT PLEADING — VALIDITY OF JUDGMENT —
   LIMITATION OF ATTACK — STRIKING OUT. — In an action for the fore-
   closure of a mortgage against the mortgagor and a subsequent purchaser
   of the mortgaged property, where the prayer of the complaint was for a
   foreclosure of the mortgage and a sale of the property, and that the pro-
   ceeds be applied to the payment of the money due thereunder and for
   costs, and asked for a deficiency judgment, and the summons followed
   the prayer of the complaint, and gave notice that the action was brought
   to obtain a decree of foreclosure of the mortgage and for a sale of the
   premises, and if the proceeds of the sale were insufficient, to obtain a
   judgment against the defendants for the balance due, and that upon
   their default the plaintiff would apply to the court for the relief de-

manded, and the action was dismissed as to the mortgagor, and a default judgment rendered against the subsequent purchaser for the amount due under the mortgage, such judgment is not void, although the complaint did not state facts showing any personal liability upon the part of the subsequent purchaser; but the error is one which should have been corrected upon appeal, or upon a proper showing by motion made within the time limited by section 473 of the Code of Civil Procedure, and cannot be stricken out after the lapse of the time.

APPEAL from an order striking out parts of a default judgment.

The facts are stated in the opinion of the court.

*Hendrick & Younkin*, and *T. J. Capps*, for Appellant.

*Wellborn, Stevens & Wellborn*, for Respondents.

DE HAVEN, J. — Appeal from an order made May 15, 1891, striking out certain portions of a judgment rendered November 14, 1888. The defendants were personally served with summons in the action in which the judgment was rendered. The action was one for the foreclosure of a mortgage executed by one B. F. Snyder in his lifetime, and it was alleged in the complaint that Snyder in his lifetime "conveyed the real estate specified in said mortgage to one Rosa A. Woodford, subject to said mortgage, who is now the legal owner of said real property."

The prayer of the complaint was, that the mortgage be foreclosed and the real estate sold, "and the proceeds applied to the payment of said sums of money and costs of this action, and that the said plaintiff may have judgment and execution against the said defendants for any deficiency," etc. The summons followed the prayer of the complaint, and gave notice that the action was brought to obtain a decree of foreclosure of the mortgage and for a sale of the premises, and if the proceeds of the sale were insufficient, to obtain a judgment against the defendant Snyder "and Rosa A. Woodford for the balance remaining due," etc., and that upon their default the plaintiff would apply to the court for the relief demanded.

The action was dismissed as to defendant Snyder, and and the defendant Woodford did not appear, and her default was entered. The court, in its decree, found "that there is now due and owing to the plaintiff, . . . . from the defendant Rosa A. Woodford, upon the promissory notes and for money expended under the terms of said mortgage, as set forth and described in plaintiff's complaint, the sum of $2,116.65, and that the defendant Rosa A. Woodford is liable for the amount thereof."

This portion of the judgment was stricken out by the order appealed from, and it is claimed by respondent that as the complaint did not state any facts showing a personal liability upon the part of Rosa A. Woodford for the payment of said notes, that the court was without jurisdiction to find such liability by its judgment, and that the judgment was and is in this respect absolutely void.

This contention cannot be sustained. The judgment in this respect was within the relief demanded in the complaint and specified in the summons, and the court had jurisdiction, and indeed was required, to determine in that action whether upon the facts alleged the plaintiff therein was entitled to the relief which he demanded in his complaint. The court undoubtedly committed an error in finding such personal liability, but its judgment was not for this reason void.

The error could have been corrected upon appeal from the judgment, or upon a proper showing by motion, if it had been made within the time limited by section 473 of the Code of Civil Procedure; but it is now too late to do so by motion.

The entry in the judgment docket as to the defendant Snyder was unauthorized, and as to her the order will be affirmed. As to the defendant Rosa A. Woodford the order appealed from is reversed.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.