[L. A. No. 3423.   Department One.—February 15, 1915.]

# HARRY H. CROUCH, Respondent, v. H. L. MILLER AND COMPANY (a Corporation), Appellant.

DEFAULT JUDGMENT—COLLATERAL ATTACK—INVALIDITY MUST APPEAR ON FACE OF RECORD.—A default judgment foreclosing an assessment lien for street work against the owner of land must be held valid on collateral attack, unless the record thereof, the judgment-roll, upon its face shows the judgment to be void.

ID.—DEFENDANT SERVED WITH SUMMONS—JUDGMENT-ROLL IN CASE OF DEFAULT JUDGMENT.—Where the complaint is not answered by a defendant personally served, the judgment-roll as to him consists of the summons, the affidavit of proof of service, the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment.

ID.—RECITAL OF SERVICE IN JUDGMENT WHEN CONCLUSIVE—INSUFFICIENT PROOF OF SERVICE.—Where a default judgment recites that a defendant corporation had been regularly served with a copy of the summons and complaint, it must be assumed, on collateral attack, that such defendant was regularly served with summons, notwithstanding the proof of service of summons contained in other portions of the judgment-roll is insufficient. Such recital cannot be true, if such other portions of the record show *all* that was done in the matter of service of summons.

ID.—PRESUMPTIONS ARISING FROM RECITALS IN RECORD.—The rule that where the record shows what was done, it will not be presumed that something different was done, has no application where the record does not purport to show all that was done, and the judgment states all that was necessary to be done was done.

ID.—CONTROLLING RECITALS IN JUDGMENT—JURISDICTION OF PERSON.— Such recital in the judgment itself controls in so far as, taken as true, it is necessarily inconsistent with the idea that the portions of the record other than the judgment show *all* that was done in the way of attempting to acquire jurisdiction of the person of the defendant. If a judgment recital is such as to affirmatively show that it is based on an attempted service which is, in fact, a nullity, or if such recital is consistent with the idea that the other portions of the record show all that was done, a different situation is presented.

ID.—DEFAULT NEED NOT BE ACTUALLY ENTERED.—It is not essential to the entry of a valid judgment by default against a defendant, that the default should have been actually entered by the clerk.

ID.—CORPORATE EXISTENCE OF DEFENDANT—ALLEGATION OF NOT ESSENTIAL TO JURISDICTION.—An allegation in the complaint of the cor-

porate existence of a defendant corporation is not essential to the jurisdiction of the court over either the person of the defendant or the subject-matter of the action.

ID.—FORECLOSURE OF STREET ASSESSMENT LIEN—JUDGMENT BY DEFAULT—FAILURE OF COMPLAINT TO STATE CAUSE OF ACTION.—On a collateral attack on a judgment by default foreclosing the lien for a street assessment, which recited that the defendant had been regularly served with summons, it is immaterial to the validity of the judgment whether the complaint in the foreclosure case sufficiently stated a cause of action, where it showed a subject-matter and a demand for relief that were within the jurisdiction of the court.

ID.—ACTION COMMENCED AFTER EXPIRATION OF LIEN.—On a collateral attack on such judgment it is immaterial that the action to enforce the street assessment lien was not commenced against the defendant until after the lien had expired. On such an attack the courts are concerned solely with questions of jurisdiction.

ID.—CORPORATION SUED BY FICTITIOUS NAME—FAILURE OF SUBSTITUTION IMMATERIAL.—Where the defendant corporation against whom the default judgment was rendered was sued by a fictitious name, it is immaterial on a collateral attack on the judgment that its corporate name was not actually substituted in the complaint in the street assessment case, or even that no order was actually made by the court for such substitution.

ID.—EVIDENCE INADMISSIBLE TO DISPROVE SERVICE OF SUMMONS.—On a collateral attack on such default judgment, the defendant has no right to introduce evidence outside the record of the judgment to show that it was not, in fact, served with summons.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Davis & Rush, for Appellant.

Crouch & Crouch, for Respondent.

ANGELLOTTI, C. J.—This is an action to quiet title to a lot of land in the city of Long Beach, Los Angeles County. Plaintiff had judgment and defendant appeals from such judgment and from an order denying its motion for a new trial.

It was stipulated that on July 20, 1910, the defendant was the owner in fee of the property here involved. Plaintiff

claims to have acquired defendant's interest by virtue of certain proceedings for the enforcement of an assessment lien for street work on such land, culminating on March 25, 1912, in a deed executed by the sheriff of Los Angeles County to him, such deed having been executed to him as the purchaser at the sheriff's sale made in execution of the judgment given in the action brought to enforce the lien of the assessment. The only questions in this case are as to the validity of such judgment. If valid, plaintiff acquired the complete title to the property by the sheriff's deed. If invalid, defendant is still the owner of the property.

Defendant's attack upon such judgment being collateral, the judgment must be held to be valid unless the record thereof, the judgment-roll, shows it to be void—unless, as the authorities put it, it is void upon its face. In determining the question, we are restricted to the evidence afforded by the judgment-roll. The rules applicable in determining such a question are stated, so far as material here, in such cases as *Hahn* v. *Kelly,* 34 Cal. 391, [94 Am. Dec. 742], and *Sacramento Bank* v. *Montgomery,* 146 Cal. 745, [81 Pac. 138].

Where, as here, the complaint is not answered by a defendant personally served, the judgment-roll as to him consists of the summons, the affidavit of proof of service, the complaint with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment. (Code Civ. Proc., sec. 670.)

The complaint in the street assessment case did not name defendant as a defendant therein, nor was the summons addressed to it. One C. G. Wilcox was made defendant, it being alleged that he was the owner of said land. The other defendants were John Doe, Richard Roe, James Black, and Sarah Green, as to whom it was alleged that each of them claims some interest in or lien on the property, which is subject to plaintiff's lien, and that plaintiff is ignorant of their true names and therefore sues them by such fictitious names, asking that when the true name of any of them is discovered the complaint be amended accordingly. The summons was directed to all of these defendants. The affidavit of service attached to the summons, made by one Agnes Crouch, substantially states that on October 11, 1910, she personally served the summons on "H. L. Miller and Co. (sued herein as John Doe) by leaving copy of summons with H. L. Miller,

its president.'' Another portion of the affidavit indicates that a copy of the complaint was attached to the copy of the summons so left with H. L. Miller. The summons, with such affidavit, was filed in the clerk's office on December 23, 1910, and on that day the clerk indorsed on the complaint a memorandum, reciting the service on ''H. L. Miller & Company, sued as John Doe,'' and its failure to appear and answer within the time allowed by law, and declaring that ''the default of said defendant . . . is hereby duly entered according to law.'' The judgment of the court rendered January 27, 1911, recites as follows: ''In the above entitled action, the defendant H. L. Miller & Company, a corporation, having been regularly served with a copy of the summons and complaint in this action, and having suffered default to be entered against them, and upon a hearing had upon this day,'' etc. There is nothing to indicate that any order was ever made for the amendment of the complaint so as to substitute the name of H. L. Miller and Company for that of John Doe as defendant, except in so far as this may be implied from the foregoing recital. It is stated by appellant's counsel in their brief that this action was commenced on July 20, 1910, and it appears that the assessment and diagram were recorded on July 24, 1908.

In view of the rules declared in the cases we have cited, and the recital in the judgment that ''defendant H. L. Miller & Company, a corporation,'' had been regularly served with a copy of the summons and complaint, etc., the claim of defendant that the affidavit of service is defective and that there was no sufficient proof of service on file to warrant the clerk in entering the default, and that the entry of default by the clerk was ineffectual for any purpose, even if well based, is immaterial. It must still be assumed on this collateral attack, in view of the recital in the judgment, that the ''defendant H. L. Miller & Company, a corporation,'' was regularly served with summons. It is true, as claimed by defendant, that while, where the record is silent as to what was done, it will be presumed in favor of the judgment that what ought to have been done was not only done, but rightly done, yet when the record shows what was done, it will not be presumed that something different was done. But, as we said in *Sacramento Bank* v. *Montgomery*, 146 Cal. 745, [81 Pac. 138], this statement ''has no application where the record does not pur-

port to show *all* that was done, and the judgment states that all that was necessary to be done was done.'' And we there quoted from *Hahn* v. *Kelly,* 34 Cal. 391, 407, [94 Am. Dec. 742], as follows: ''To illustrate: Suppose that portion of the judgment-roll denominated the 'affidavit or proof of service,' shows that personal service was made upon the son of defendant, and the remainder of the roll says nothing about service. We then have a want of jurisdiction upon the face of the record. But suppose that the judgment states that the defendant appeared, or that personal service was made upon him, or something else that is equivalent, as it frequently does, the opposite result follows, for the record cannot lie, and it appears that the father as well as the son had been served, which may well have been the case. The record in such a case does not blow hot and cold, as might be supposed; on the contrary, both acts may have been done. On presentation of the return of service upon the son, the court may have declared it no service, and service upon the father may have been subsequently made, and the wrong return may have found its way into the judgment-roll. To hold this would be consistent with the record, while to hold otherwise would be to contradict the judgment.'' The views thus expressed have never been departed from by this court. A recital in the judgment itself controls in so far as taken as true, it is necessarily inconsistent with the idea that the portions of the record other than the judgment show *all* that was done in the way of attempting to acquire jurisdiction of the person of the defendant. If a judgment recital is such as to affirmatively show that it is based on an attempted service which is, in fact, a nullity, or if such recital is consistent with the idea that the other portions of the record show all that was done, of course, a different situation is presented. In the case at bar, conceding for the purposes of this decision that the proof of service of summons contained in other portions of the judgment-roll was insufficient, the recital in the judgment itself as to service is such that it cannot be true, if such other portions of the record show *all* that was done in the matter of service of summons.

It was not essential to the entry of a valid judgment against said defendant, that its default should have been actually entered by the clerk. (*Drake* v. *Duvenick,* 45 Cal. 455, 462.) ''A valid judgment by default may be rendered by the court,

though no formal default has been entered.'' (*Herman* v. *Santee*, 103 Cal. 519, 522, [42 Am. St. Rep. 145, 37 Pac. 509].) Whether or not the clerk's entry of default was ineffectual for any purpose is, therefore, immaterial.

It has never been held, so far as we know, that an allegation in the complaint of the corporate existence of a defendant corporation is essential to the *jurisdiction* of the court over either the person of a defendant or the subject-matter of the action, and we do not see how it could be so held. It was held in *People* v. *Central Pacific R. R. Co.*, 83 Cal. 393, [23 Pac. 303], that such an allegation is essential to a statement of a cause of action, but this ruling was shown to be erroneous and was disapproved in *Los Angeles Ry. Co.* v. *Davis*, 146 Cal. 179, [106 Am. St. Rep. 20, 79 Pac. 865]. However, on a collateral attack on a judgment it is absolutely immaterial whether the complaint sufficiently stated a cause of action. Jurisdiction of the person of a defendant is acquired by the service of process—the *fact* of service, and dates from such service. (*Herman* v. *Santee*, 103 Cal. 519, 522, [42 Am. St. Rep. 145, 37 Pac. 509].) As we have seen, the court in the street assessment case expressly found that the defendant corporation had been duly served with summons. Whatever imperfection there may have been in the complaint in the street assessment case, it certainly showed a subject-matter and a demand for relief that were within the jurisdiction of the superior court. This is all that is essential on a collateral attack. (See *Le Mesnager* v. *Variel*, 144 Cal. 463, [103 Am. St. Rep. 91, 77 Pac. 988].)

Even if it be conceded that the street assessment action should be held not to have been commenced against defendant corporation until such corporation was actually served with summons (see, however, *Farris* v. *Merritt*, 63 Cal. 118), and that such service was not had until after the street assessment lien had expired, the statute providing that such lien shall continue ''for a period of two years from the date of said recording,'' such concession would be immaterial on this collateral attack on the judgment. What is said in *Crane* v. *Cummings*, 137 Cal. 201, [69 Pac. 984], and *Le Mesnager* v. *Variel*, 144 Cal. 463, [103 Am. St. Rep. 91, 77 Pac. 988], clearly shows this to be so. These cases but declare rules that have been stated over and over again by the courts. There is no conflict in the authorities on the proposition that

the failure of a complaint to sufficiently state a cause of action in no way affects the jurisdiction of the court. And on this collateral attack we are concerned solely with questions of jurisdiction. It certainly cannot be disputed that the superior court had jurisdiction of actions for the foreclosure of street assessment liens, and it is immaterial on this attack that the complaint itself may have shown that the alleged lien had in fact expired. *Page* v. *W. W. Chase Co.,* 145 Cal. 578, [79 Pac. 278], cited by defendant, in no way assists it. In that case the judgment attempted to be asserted against Page was given in an action from which he had been dismissed, and, of course, was thenceforth no longer a party. This court expressly said that if he had remained a party and judgment had been rendered against him, his interest in the land would have been bound by the judgment. *Holt Manufacturing Co.* v. *Collins,* 154 Cal. 265, [97 Pac. 516], also cited, is along the same lines as *Page* v. *W. W. Chase Co.,* 145 Cal. 578, [79 Pac. 278].

It is also immaterial on this collateral attack that the name of defendant corporation was not actually substituted in the complaint in the street assessment case in the place and stead of the fictitious name of "John Doe," or even that no order was actually made by the court for such substitution. This was directly decided in *Baldwin* v. *Morgan,* 50 Cal. 585. Conceding that such omission was an irregularity, for which the judgment would have been reversed on appeal, it was said: "The inquiry here, however, as to the validity of the decree, is not direct, as upon appeal, but collateral merely. The true inquiry, therefore, is not as to whether jurisdiction has been irregularly exercised, but is limited to the question whether it was obtained at all. The personal service of a summons upon Baldwin certainly vested the court without (with) jurisdiction over him, and however irregular its subsequent exercise, the validity of the decree rendered is not now open to inquiry." (See, also, *Campbell* v. *Adams,* 50 Cal. 203; *Tyrrell* v. *Baldwin,* 67 Cal. 1, [6 Pac. 867]; *Johnston* v. *San Francisco Sav. Union,* 75 Cal. 134, 139, [7 Am. St. Rep. 129, 16 Pac. 753].)

Defendant had no right on this collateral attack to introduce evidence outside the record of the judgment to show that it was not, in fact, served with summons.

What we have said substantially disposes of all the points made by defendant on this appeal. We have no doubt on the proposition that the judgment is not void on its face, and, therefore, that the sheriff's deed was effectual to convey all of defendant's interest in the land.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Sloss, J., concurred.