[L. A. No. 6094. In Bank.—April 7, 1919.]

GEORGE S. GILLESPIE, Respondent, v. FRANK E. FENDER, Petitioner; ASHLEY J. ARMSTRONG et al., Defendants.

[1] MORTGAGE — FORECLOSURE — DEFICIENCY JUDGMENT—INSUFFICIENT COMPLAINT—JURISDICTION.—In an action for the foreclosure of a mortgage, the failure of the complaint to state facts sufficient to show any liability on the part of the defendant for any deficiency

that might remain after the sale of the mortgaged premises, does not render the deficiency judgment void for want of jurisdiction.

[2] JUDGMENT—INSUFFICIENCY OF COMPLAINT.—The failure of a complaint to state facts sufficient to constitute a cause of action, does not render a judgment void.

APPLICATION for a Writ of Supersedeas.   Denied.

The facts are stated in the opinion of the court.

Charles L. Childers for Petitioner.

THE COURT.—In view of the facts stated in the petition, the application for a writ of *supersedeas* must be denied.

It is clear that there is no merit in the appeal from the order denying the motion to vacate the judgment for deficiency entered against the petitioner here.   The sole ground of the motion to vacate the judgment was that the judgment is void and that the same was entered by the court without jurisdiction.   This claim was based entirely upon the proposition that the complaint in the action, one for the foreclosure of a mortgage, had not stated facts sufficient to show any liability on the part of the petitioner for any deficiency that might remain after the sale of the mortgaged premises; in other words, did not state a cause of action against petitioner in respect to such deficiency.   It is clear that this was in fact the situation.   [1]   But this was not a defect going to the jurisdiction of the superior court, and the judgment in respect thereto was not void.   The complaint sought this very relief, and the court erroneously concluded that the plaintiff in that action was entitled to this relief as against petitioner.   [2] It is thoroughly settled in this state that the failure of a complaint to state facts sufficient to constitute a cause of action does not render a judgment void.   The court had full jurisdiction of the subject matter of the action, and, by reason of personal service on petitioner, full jurisdiction of the person of the defendant as to all the matters tendered by the complaint.   (See *Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341, [146 Pac. 880], and cases therein cited.)   The remedy of the petitioner, who must be held to have been perfectly advised of the claim of the plaintiff in that action, as stated in his complaint, was to contest that claim in the trial court, or on appeal from that judgment.   Possibly, also, he might have

invoked relief by motion under section 473 of the Code of Civil Procedure on account of excusable mistake, neglect, or inadvertence on his part. No such motion was, however, made. The superior court was not at liberty to consider the question of the sufficiency of the complaint on the motion that was in fact made.

The application for a writ of *supersedeas* is denied.

Shaw, J., Lawlor, J., Wilbur, J., Lennon, J., and Angellotti, C. J., concurred.