[L. A. No. 4782.    Department One.—June 9, 1919.]

## J. E. CHRISTERSON, Appellant, v. WILLLIAM D. FRENCH, As Administrator, etc., Respondent.

[1] DEFAULT—SUBSEQUENT FILING OF DEMURRER AND MOTION—ENTRY OF JUDGMENT UPON DEFAULT—JURISDICTION OF CLERK.—In an action for damages for breach of contract, it is the duty of the clerk under subdivision 1 of section 585 of the Code of Civil Procedure to enter the default of the defendant upon the failure of the defendant to answer within the required time, and the filing of a demurrer and motion to strike out after the entry of the default, but before the entry of judgment, does not deprive the clerk of jurisdiction to enter the judgment.

[2] ID.—ENTRY OF JUDGMENT OF DEFAULT—DELAY OF CLERK—LACK OF PREJUDICE.—In the matter of entering a judgment on default the clerk has no discretion, and where entry is made, he is bound under subdivision 1 of section 585 of the Code of Civil Procedure, to enter judgment immediately thereafter, and the fact that he does not do so cannot prejudice the rights of the plaintiff or confer any right on the defendant.

[3] ID. — STATUS OF DEFAULTING DEFENDANT. — A defendant against whom a default is entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action.

[4] JUDGMENT—INSUFFICIENT COMPLAINT.—A judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether the complaint states a cause of action or not, so long as it apprises the defendant of the nature of the plaintiff's demand.

[5] ID.—JUDGMENT ERRONEOUSLY VACATED — DEATH OF DEFENDANT—PRESENTATION OF CLAIM UNNECESSARY TO REINSTATEMENT.—Where a judgment is rendered against a defendant in his lifetime and thereafter erroneously vacated and set aside, it is not necessary for the plaintiff, where the defendant has died in the meantime, to present a claim against his estate as a condition to a reinstatement of the judgment, since the case is governed by section 1505 and not by section 1502 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County.    John M. York, Judge.    Reversed.

The facts are stated in the opinion of the court.

Frank C. Hoyt, Henry Wetherhorn and Charles J. Kelly for Appellant.

Robert T. Linney and Gordon L. Finley for Respondent.

LAWLOR, J.—This is an appeal by the plaintiff from an order setting aside a judgment entered by default against L. B. French. The plaintiff agreed to purchase and L. B. French agreed to sell a certain tract of land in Los Angeles County. French covenanted to pipe water to the said land for domestic and irrigating purposes. This, it was alleged, he failed to do, and upon the breach of the covenant this action was brought by the plaintiff to recover damages in the sum of five thousand eight hundred dollars, together with costs.

On July 17, 1915, L. B. French (who died on May 17, 1916) was personally served with complaint and summons. On July 28, 1915, at 10 A. M., upon the failure of the defendant to answer, and the time within which to answer having expired, the clerk of the court, upon the application of the plaintiff, entered the default of the defendant, and on August 2, 1915, entered judgment in accordance with the prayer of the complaint. Between the entry of the default and the entry of the judgment, namely, on July 28, 1915, at about 11 A. M., the defendant served and filed in the clerk's office a demurrer and notice of motion to strike out.

On March 14, 1916, the defendant served and filed his notice of motion to vacate the default and to set aside the judgment. The court refused to vacate the default but did set aside the judgment upon the ground that the "clerk did not have any jurisdiction on the second day of August, 1915, to enter the said judgment because of the fact that said demurrer and said motion to strike out were on file in said action and undisposed of."

1. Respondent contends that the judgment is void because the clerk had no authority to enter it. Subdivision 1 of section 585 of the Code of Civil Procedure provides: "In an action arising upon contract for the recovery of money or damages only, if the defendant has been personally served and no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount demanded in the complaint, including the costs,

against the defendant, or against one or more of several defendants, in the cases provided for in section four hundred and fourteen.''

This being an action based on contract for the recovery of damages only, the case comes clearly within the provisions of this subdivision. The respondent does not question this, but admitting that the default was entered before his demurrer and motion to strike out were filed, he urges that the filing of the demurrer and motion to strike out raised a question of law for the court to decide and that the clerk, therefore, had no authority to enter judgment. [1] This contention is without merit. [2] In the matter of entering judgment the clerk had no discretion, but having entered the default he was bound under the said subdivision to enter judgment ''immediately thereafter.'' The fact that he did not enter judgment ''immediately thereafter'' in no way prejudiced the rights of the plaintiff and conferred no right on the defendant, whose default had been regularly entered. (*Edwards* v. *Hellings,* 103 Cal. 204, [37 Pac. 218]; *Beck* v. *Pasadena Water Co.,* 130 Cal. 50, [62 Pac. 219].) [3] A defendant against whom a default is entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action. (*Drake* v. *Duvenick,* 45 Cal. 456; *Lunnun* v. *Morris,* 7 Cal. App. 710, [95 Pac. 907]; *Bowers* v. *Dickerson,* 18 Cal. 420; *Title Ins. Co.* v. *King,* 162 Cal. 44, [120 Pac. 1066]; *Green* v. *Rogers,* 18 Cal. App. 572, 123 Pac. 974].) It follows, then, that the filing of the demurrer and the motion to strike out after the default had been entered did not suspend the ministerial duty of the clerk to enter the judgment. The clerk was bound to receive and file these pleadings, although they could have no legal effect.

2. The respondent contends further that the judgment is void because the complaint fails to state a cause of action. [4] It is well established that a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action so long as it apprises the defendant of the nature of the plaintiff's demand. (*Blondeau* v. *Snyder,* 95 Cal. 521, [31 Pac. 591]; *Mayo* v. *Ah Loy,* 32 Cal. 477, [91 Am. Dec. 595]; *In re James,* 99 Cal. 374, [37 Am. St. Rep. 60, 33 Pac. 1122]; *Canadian etc. Co.* v. *Carlita etc. Co.,* 140 Cal. 672, [74 Pac. 301]; *Brush* v. *Smith,* 141 Cal. 466, [75 Pac. 55]; *Crouch*

v. *Miller,* 169 Cal. 341, [146 Pac. 880]; *Gillespie* v. *Fender,* *ante,* p. 202, [180 Pac. 332]); *California Casket Co.* v. *McGinn,* 10 Cal. App. 5, [109 Pac. 1077, 1079].) We think the complaint herein sufficiently states a cause of action to inform the defendant of the nature of the claim against him and to give the court jurisdiction of the cause.

[5] 3. The respondent makes a further objection that no judgment can be entered or reinstated in this case because the plaintiff's claim was not presented to the estate for allowance. It is his position that the judgment having been set aside, the action is still pending within the meaning of section 1502 of the Code of Civil Procedure, and that as the appellant did not file his claim against the estate, no judgment can be rendered or re-entered in his favor. The appellant contends, on the other hand, that this is not an action pending at the time of the death of the decedent, but that the judgment had been rendered in the action during his lifetime, and that no claim could be presented to the estate of a person while he himself was in *esse,* and that this brings the case within the provisions of section 1505 of the Code of Civil Procedure. In our view, the judgment having been rendered in the lifetime of the decedent, the case comes within the provisions of section 1505. The judgment was erroneously vacated and set aside and so far as the rights of the appellant are concerned the case stands as if it had never been disturbed, for until the default is set aside in a proper proceeding it is "the duty of the court immediately to render another judgment of like effect." (*Title Ins. Co.* v. *King,* 162 Cal. 44, [120 Pac. 1066].)

The order appealed from is reversed, with directions to the court to re-enter the judgment.

Shaw, J., and Olney, J., concurred.