[Civ. No. 3599. Second Appellate District, Division One.—May 26, 1921.]

DORIS H. ECCLESTON, etc., Respondent, v. ESTELLE ROSEBERG, Appellant.

[1] JUDGMENT—COLLATERAL ATTACK—VALIDITY.—On collateral attack, a judgment must be held to be valid unless the judgment-roll shows it to be void.

[2] ID.—JURISDICTION — EVIDENCE — JUDGMENT-ROLL. — The judgment-roll cannot, on collateral attack, be overcome by evidence outside the record, showing that the court was without jurisdiction.

[3] ID.—ACTION TO RENEW JUDGMENT—JURISDICTION OF ORIGINAL ACTION—APPOINTMENT OF GUARDIAN AD LITEM—JUDGMENT-ROLL.—In an action to renew a judgment obtained against a minor through a guardian *ad litem,* the judgment-roll, although incomplete, the summons and return being missing, sufficiently showed that the court had jurisdiction, where the allegation contained in the amended complaint that a guardian *ad litem* had been appointed was affirmed by the implied finding reciting due appointment of the guardian, for such a guardian for the defendant could not, in view of subdivision 2 of section 373 of the Code of Civil Procedure, have been duly appointed unless service of summons had first been made on the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Black, Hammack & Black for Appellant.

George H. Shreve and Cooper, Collings & Shreve for Respondent.

CONREY, P. J.—The complaint alleged that on the twenty-fifth day of April, 1913, a judgment was duly given and made in favor of the plaintiff and against the defendant for a stated amount. This is an action to renew that judgment. By her answer in this action the defendant denied that said former judgment was duly given or made, and alleged that the court in said former action was without jurisdiction to make or enter any judgment against the defendant. Judgment having been entered in favor of plaintiff in this action, the defendant appeals therefrom.

At the trial in this action, the plaintiff introduced in evidence the judgment-roll in the former action. The summons and return were missing. The original complaint in that action was filed on the first day of July, 1911, and alleged that the defendant was then of the age of about thirteen years. An amended complaint was filed on the fifth day of October, 1912. Supplemental matter was contained therein, whereby, after stating that on the ninth day of June, 1911, the defendant was of the age of fourteen years, it was alleged that S. R. Roseberg, her father, "was on the eighteenth day of October, 1911, duly appointed by an order of said superior court, guardian *ad litem* for said defendant, Stella Roseberg, a minor, for the purposes of this action, and that he ever since has been and now is such guardian." On October 18, 1911, an answer to the original complaint was filed, purporting to be the answer of the defendant by her duly appointed guardian *ad litem*, the said S. R. Roseberg. On the twenty-fourth day of March, 1913, a stipulation was filed, which, like said answer, was signed by Albert Lee Stephens, as attorney for defendant. In that stipulation it was agreed that the answer theretofore filed should stand as the answer to the amended complaint, and

that any new matter inserted in the amended complaint in accordance with the stipulation be deemed denied. The judgment, in accordance with the stipulation, in its title referred to the defendant as "Estelle Roseberg, by S. R. Roseberg, her Guardian *ad litem*," and recited that Albert Lee Stephens appeared for the defendant; that evidence having been introduced and the cause submitted, and findings of fact having been waived, the court finds that the plaintiff is entitled to judgment against the defendant in the sum stated.

At the trial of the present action, the defendant objected to plaintiff's offer of the judgment-roll in evidence, that it was incompetent, particularly for the reason that the summons and return thereon were missing. This objection was overruled. Thereupon, the plaintiff having rested, the defendant, over objection from the plaintiff, was permitted to introduce evidence to the effect that no service of summons was ever made upon her in the former action. Nevertheless, the court disregarded this evidence and rendered judgment in favor of the plaintiff.

[1] Defendant's attack upon the judgment being collateral, the judgment must be held to be valid unless the judgment-roll shows it to be void—unless, as the authorities put it, it is void upon its face. In determining the question we are restricted to the evidence afforded by the judgment-roll. (*Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341, [146 Pac. 880].) [2] The judgment-roll cannot, on this collateral attack, be overcome by evidence outside the record thereof, showing, as against the record itself, that in fact the steps necessary to acquire jurisdiction were not taken. [3] We are of the opinion that the record of the judgment is sufficient to show that the court had jurisdiction to render' and enter the same. The allegation contained in the amended complaint, which allegation was affirmed by the implied finding of the court, stated that S. R. Roseberg had been duly appointed as guardian *ad litem* for the defendant. Since such guardian *ad litem* could not have been duly appointed unless service of summons upon the defendant had first been made (sec. 373, subd. 2, Code Civ. Proc.), the necessary implication of the finding is that such service of summons had been made as alleged. This being so, the judgment contained the recitals of fact necessary to confer

jurisdiction. As heretofore shown, such a judgment is not subject to collateral attack by evidence like that herein offered to prove want of service of process.

We find no error in the record in this action, and the judgment is affirmed,

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 22, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 25, 1921.

All the Justices concurred, except Wilbur, J., who was absent.