[Civ. No. 5180. First Appellate District, Division Two.—June 24, 1925.]

ALFRED ROEMER et al., Respondents, v. FRANK S. NUNES et al., Defendants; M. S. NUNES, Appellant.

[1] JUDGMENTS—MOTION TO VACATE—APPEAL FROM ORDER DENYING—INSUFFICIENT COMPLAINT.—Upon an appeal from an order denying a motion to vacate a judgment, the appellate court cannot reverse said order merely because the complaint fails to state a cause of action.

[2] ID.—INSUFFICIENT COMPLAINT—JURISDICTION—VALID JUDGMENT.—If the court has jurisdiction of the parties and of the subject matter of the action, its judgment will not be rendered void by reason of the fact that the complaint does not state a cause of action, so long as it apprises the defendant of the nature of plaintiff's demand.

[3] ID. — ACTION AGAINST COPARTNERS — NOTE SIGNED BY ONE DEFENDANT—SUFFICIENCY OF COMPLAINT—DEFAULT.—A complaint which in the caption names two persons, copartners, as defendants and in the body, after alleging that said defendants are copartners doing business as a copartnership, alleges that they made, executed and delivered to plaintiffs a certain promissory note, which is set out *in haec verba,* but is in the singular form throughout and is signed by one of the defendants only, sufficiently states a cause of action to inform the defendant who did not sign such note of the nature of the claim against him and to give the court jurisdiction of the cause; and a judgment entered against said defendant by default after personal service is not subject to attack by motion to vacate the same upon the alleged ground that the judgment-roll shows upon its face that the judgment against said defendant is void.

(1) 4 C. J., p. 685, n. 25.    (2) 3 C. J., p. 787, n. 77.    (3) 34 C. J., p. 154, n. 21.

APPEAL from an order of the Superior Court of Santa Barbara County denying a motion to set aside a default judgment. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred A. Schaefer for Appellant.

2. See 15 Cal. Jur. 54; 15 R. C. L. 865.

Preisker & Goble for Respondents.

LANGDON, P. J.—This is an appeal by defendant M. S. Nunes from an order denying his motion to set aside a judgment entered against him for $2,658.58 after his default had been entered. The motion was made upon the ground that the judgment-roll shows upon its face that the judgment against said defendant is void. This position is predicated upon a contention that the complaint does not state a cause of action against said defendant.

In the caption of the complaint Frank S. Nunes and M. S. Nunes, copartners, are named as defendants. In the body of the complaint it is alleged: "That defendants are co-partners doing business as a co-partnership; that on or about the second day of January, 1919, the defendants made, executed and delivered a certain promissory note which in words and figures is more particularly set forth as follows, to-wit:

'Agreement to Purchase.

'$699.44               Santa Maria, Calif., Jan. 2, 1919.

'One day after date I promise to pay to Roemer, Roemer & Silva, co-partners at the city of Santa Maria, state of California, the sum of six hundred ninety-nine and 44/100 dollars for the following described property, to-wit: Mdse. per bill received.

'I acknowledge receipt of said property and agree to keep the same in good order and repair. I also agree that until the total price of said property with interest is fully paid, said property will remain the property of said firm of Roemer, Roemer & Silva, and that I will not encumber or dispose of the same until full payment has been made by me. I agree to pay interest on the amount unpaid at the rate of eight per cent per annum payable annually. When the total price and interest has been fully paid, and not before, the title to said personal property shall vest in the undersigned by virtue of this instrument. I agree to pay all taxes and assessments of any kind whatsoever which may become due and payable upon said property. I agree that if I fail to pay any of said sums when due or to become due or fail to perform any of the aforesaid or hereinafter mentioned conditions or should said property be attached or levied upon or should said property be burned or otherwise de-

73 Cal. App.—24

stroyed, then at the option of the said firm of Roemer, Roemer & Silva the entire unpaid balance of this contract with interest shall in any of said cases immediately become due and payable to the said Roemer, Roemer & Silva and the said firm may enforce payment of the entire amount unpaid, or if said firm so elects the said firm of Roemer, Roemer & Silva may take possession of said property. It is understood that delay in enforcing any of the provisions of this agreement shall be no waiver of the rights of the said firm, but in case of any extended delay, the said firm may proceed to enforce the terms hereof by giving me a one day's notice by mail, addressed to me at Guadalúpe, California, of the said firm's intention to require me to comply strictly with the terms of this agreement without further delay.

'In case suit is brought under this contract for payment or to recover possession of said personal property, I promise to pay a reasonable attorney's fee in said suit in all matters herein mentioned which may be incurred or paid by said firm of Roemer, Roemer & Silva.

'(Signed) FRANK S. NUNES.' "

Then follows an allegation of nonpayment of said note. "For a second cause of action it is alleged: That the defendants are copartners doing business as a copartnership; that on or about the eleventh day of March, 1918, the defendants made, executed and delivered a certain note in writing to the plaintiffs which in words and figures is more particularly set forth as follows, to-wit:

'$1060.79.              Santa Maria, Cal. Mch. 11, 1918.

'On demand after date, without grace, at 12 o'clock M., I promise to pay to the order of Roemer, Roemer & Silva at The First National Bank of Santa Maria one thousand and sixty and 79/100 Dollars, U. S. gold coin, value received, with interest from date until paid, at the rate of ten per cent per annum, interest payable at maturity and if not so paid to become a part of the principal and bear like interest until paid. And further agreeing that if the same is not paid when due, and suit be brought to collect the same, to pay a reasonable per cent on the sum due as attorney's fees for collection.

'(Signed) FRANK S. NUNES.' "

Then follows an allegation of nonpayment and this prayer: "Wherefore, plaintiffs pray judgment against the

defendant for the sum of six hundred ninety-nine and 44/100 dollars together with interest thereon from the 2nd day of January, 1919, at the rate of eight per cent per annum, and the sum of one thousand sixty and 79/100 dollars, together with interest at the rate of ten per cent per annum from the 11th day of March, 1918, and the sum of two hundred fifty dollars attorney's fees, together with costs of this suit.''

It is to be observed that while it is alleged that the defendants made, executed and delivered a certain promissory note, the instrument set forth and designated a promissory note shows that it was signed by Frank S. Nunes; that it is in the singular form throughout. The complaint does not state that the note or contract sued upon was made for the benefit of M. S. Nunes or for any partnership to which he was a party. While the complaint contains an allegation that the defendants are copartners doing business as a copartnership there are no averments that the obligation sued upon was a partnership one nor that the defendants are being sued as copartners.

Clearly, this pleading is defective and could have been attacked upon demurrer. However, appellant, though served with summons and a copy of the complaint, did not appear and made no objection to the complaint until after his default and judgment had been entered against him. [1] This being an appeal from an order denying a motion to vacate a judgment and not an appeal from a judgment, this court cannot reverse said order because the complaint fails to state a cause of action. [2] For it is settled that such a situation does not render a judgment void. In the case of Christerson v. French, 180 Cal. 523 [182 Pac. 27], it was said: ''The respondent contends further that the judgment is void because the complaint fails to state a cause of action. It is well established that a judgment is not void if the court had jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action so long as it apprises the defendant of the nature of the plaintiff's demand. (Blondeau v. Snyder, 95 Cal. 521 [31 Pac. 591]; Mayo v. Ah Loy, 32 Cal. 477 [91 Am. Dec. 595]; In re James, 99 Cal. 374 [37 Am. St. Rep. 60, 33 Pac. 1122]; Canadian etc. Co. v. Carlita etc. Co., 140 Cal. 672 [74 Pac. 301]; Bruch v. Smith, 141 Cal. 466 [75 Pac. 55]; Crouch v. Miller, 169 Cal. 341

[146 Pac. 880] ; *Gillespie* v. *Fender,* 180 Cal. 202 [180 Pac. 332] ; *California Casket Co.* v. *McGinn,* 10 Cal. App. 5 [100 Pac. 1077, 1079].) We think the complaint herein sufficiently states a cause of action to inform the defendant of the nature of the claim against him and to give the court jurisdiction of the cause.''

[3] Likewise, in the instant case, we think the complaint sufficiently states a cause of action to inform the defendant and appellant of the nature of the claim against him and to give the court jurisdiction of the cause. The judgment, therefore, is not void and not subject to the attack which appellant has made upon it.

The order appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.