ROIG COMMERCIAL BANK, Plaintiff and Appellee, *v.* SANTIAGO IGLESIAS SILVA ET AL., Defendants and Appellants.

No. 6456.   Argued December 13, 1934.—Decided December 24, 1934.

*G. Cruzado Silva* for appellants.   *González Fagundo & González Jr.* for appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

This is an action to recover on a promissory note executed by the defendants in favor of the plaintiff bank. It is alleged that this promissory note was delivered to the bank by the defendants who submortgaged to the said bank a mortgaged credit owing to them as security for the said note. The plaintiff prayed for the payment of the sum claimed and for an order directing the sale at public auction of the mortgage credit executed in favor of the defendants.

Upon the entry of the default and rendition of a judgment ordering defendants Santiago Iglesias Silva and his wife Cruz Rodríguez to pay to the plaintiff $4,347.76, amount of the promissory note, with interest thereon and attorney's fees, as agreed upon, the defendants have appealed from the said judgment and assigned four errors as having been committed by the lower court.

The first error assigned is that it does not appear from the return of the summons that the person who made the service is not a party to the action. The appellant contends that the person making the service should state in the certificate of the return, as a jurisdictional requisite, that he is not a party to the action, and that in the instant case said person merely said: ''I am neither a party to nor have I any interest in this matter.'' This error is without merit.

It is alleged in the second error assigned that the entry of the default by the clerk of the court appears in an ambiguous, equivocal and uncertain manner, because as there are two defendants it is not stated to which of them the entry of the default applies.

The appellee asked the clerk to enter the default of the defendants and to enter judgment against them in the sums claimed. The clerk made the following note at the foot of this application: ''The default of the party defendant in the instant case is entered, because of the failure to appear and file an answer within the statutory period, on this 28th day of December, 1932.'' The appellee contends that the defendants in the instant case constitute a conjugal partnership and that the clerk, in his entry of the default of the party defendant, refers exclusively to Santiago Iglesias Silva and his wife, who for the purpose of the obligation subscribed by them constitute a single party. The error, if any, becomes a mere irregularity which can not be ground for nullity. Upon the entry of the default judgment was rendered against

both of the defendants, mentioning them by their respective names. It is not essential to the entry of a valid judgment by default against a defendant that his default should have been actually entered by the clerk. 14 Cal. Jur. 883; *Crouch v. H. L. Miller & Co.,* 169 Cal. 341, 146 Pac. 880. This error is without merit.

■■ The third error assigned is that it is stated in the fifth paragraph of the complaint that the amount of the promissory note is $3,447, and according to the judgment said promissory note is for $4,347.76. It is urged that the lower court erred in refusing to set aside the judgment on the ground that the clerk was without power to enter the same. A clerical error is involved. The obligation is fully transcribed in the complaint and it is prayed therein that the defendants be ordered to pay to the plaintiff the sum of $4,347.76 as the amount of the note. The defendants appear as complaining of something which anyhow would benefit them.

■ The fourth assignment is that the court erred in denying the motion of the defendants to set aside the judgment, on the ground that no action of debt is involved, but an action seeking the sale at public auction of the mortgage credit executed in favor of the defendants. This is the only error assigned that might be of some importance. The plaintiff asked the clerk to enter judgment in the sums claimed in the complaint without any reference to the sale of the mortgage credit. We agree that in the instant case the court could have ordered the sale of the mortgage credit to satisfy the amount claimed. There was no need for the plaintiff to make this allegation. Having secured a judgment it could have had the same executed upon any piece of property belonging to the defendants not exempt from execution. It is obvious that in an action *in rem* the clerk would have been powerless to enter judgment. Notwithstanding the allegation in the complaint of the mortgage

credit and the request in the prayer for the court to decree its sale, the plaintiff, however, only asked the clerk to enter judgment for the amount claimed and this shows that it chose to treat its action as a mere suit to recover money. In *Font* v. *Rosales*, 42 P.R.R. 606, 609, we expressed ourselves as follows:

"Under the theory that a mortgage was involved, part of the relief was the sale of the mortgaged premises. If the judgment had ordered such mortgage sale, then no previous or preliminary step on the part of the marshal was necessary and the theory of the appellee would be right. Whatever complexion might have been given to Cueli's complaint when originally filed, he chose to treat it as a mere suit to recover money. Otherwise the secretary had no power to enter a judgment. Force should be lent to give validity to the acts of officials acting as allowed by law, and hence the action filed by Cueli was or became only one in recovery of money. Similar reasoning in part may be found in Rosales v. District Court, 33 P.R.R. 305.'

For the foregoing reasons the judgment appealed from must be affirmed.