[Civ. No. 6351.   Third Appellate District.—November 27, 1939.]

ARTHUR R. MORAN, Petitioner, v. THE SUPERIOR COURT. OF SACRAMENTO COUNTY, Respondent.

Johnson & Curtright for Petitioner.

McAllister & Johnson for Respondent.

TUTTLE, J.—Petition for writ of *certiorari* to annul an order setting aside and vacating an order vacating and setting aside an interlocutory decree of divorce.

A rehearing was granted herein for the purpose of examining numerous authorities which the parties did not present originally.

As alleged in the petition, the action in which the order here assailed was entered is one for divorce, commenced against petitioner by his alleged wife, upon the grounds of extreme cruelty. The issues upon the divorce complaint having been settled, the respondent court proceeded to a trial of the action, as a result of which an interlocutory decree of divorce was given, made, and caused to be entered on March 3, 1939. Petitioner thereafter, and on July 6, 1939, caused to be served and filed a notice of motion to vacate the interlocutory decree, to reopen the cause, for leave to file an amendment to this petitioner's answer in the form of a cross-complaint for an annulment of marriage, and for leave to offer evidence in support of said cross-complaint. The cross-complaint alleged, as a ground for annulment of the marriage between the parties, that at the time of said marriage plaintiff was the wife of one Paul R. Henricks (then living). This motion came on regularly for hearing, which plaintiff in the divorce case, and her counsel, and petitioner and his counsel all attended. The motion to vacate the interlocutory decree was thereupon made, and witnesses were sworn and examined, and two depositions were read in support of the motion. The matter was then argued to the court, the authorities then quoted and cited, and the motion was submitted for consideration and decision. The respondent court, upon such submission, then granted the motion, vacated the judgment, and granted leave to petitioner to file the proposed cross-complaint. Thereafter, pursuant to the leave granted, petitioner served and filed his cross-complaint, to which plaintiff answered, and upon memorandum and motion for the purpose, the cause was regularly set down for trial on the cross-complaint and answer thereto.

The cause came on regularly for trial, on the issues as thus fixed, on August 30, 1939, and the cause was tried on the issue of the validity of the marriage, and was submitted to the court on that sole issue. This trial took place without any objection whatever being made to the regularity thereof, nor to the validity of the order vacating the interlocutory decree. At no stage of the second hearing, nor at any time, was any motion or application of any kind made to vacate the order vacating said interlocutory decree, nor was any notice of any kind given to, or by either of the parties, or by the respondent court, or to anyone, that the vacation and setting aside of the order vacating said interlocutory decree was contemplated, considered, or intended. Neither was any hearing of any kind ever had at which was presented or considered the proposition of the vacation of such order.

After the submission of the cause, on September 8, 1939, and, as above pointed out, the court, without motion, notice or application, and without deciding any of the issues presented at the hearing of the cause, made its minute order vacating and setting aside the order of the 17th day of July, 1939, which last-mentioned order vacated and set aside the interlocutory decree. And it is this order nullifying the order vacating the interlocutory decree that is the subject of this application.

It is contended by petitioner that the order of the trial court setting aside and vacating its order vacating the interlocutory decree was without jurisdiction, and should therefore be annulled by this court. This contention is based, according to the points and authorities filed, upon the ground that the original order was valid upon its face. The order which the trial court set aside reads as follows:

"Upon notice heretofore duly given, made, served and filed herein, and after a hearing in open court whereat McAllister and Johnson represented plaintiff, and Johnson & Curtright represented plaintiff, and good cause appearing therefor:

"It is hereby ordered, adjudged and decreed that the interlocutory decree heretofore made and entered herein on the 3rd day of March, 1939, in Book 84, at page 574 Records of the County Clerk's Office of the County of Sacramento, State of California, be, and the same is hereby vacated and set aside, and the defendant, Arthur R. Moran, is hereby granted leave to file a cross-complaint in the above entitled action."

■ The view of petitioner in respect to the right of the court to set aside a void order is thus expressed by him: ·

"It is to be conceded that an order wholly void upon its face, and requiring only an inspection of the judgment-roll to demonstrate its want of vitality, may be vacated and set aside by the court without notice. (*People* v. *Greene*, 16 Pac. 197 [5 Am. St. Rep. 448], 74 Cal. 400.) Thus, if the order vacating the interlocutory decree itself disclosed the lack of jurisdiction in the court to make it, or, if its invalidity appears from an inspection of the judgment-roll, the court, in the exercise of its inherent power over its own judgment, could properly have set the order aside of its own motion."

· In our original opinion we held that the order was void on its face, hence, the trial court properly disposed of it by setting it aside. A further examination of the law governing void judgments leads us now to the conclusion that the order was valid, and that the trial court lacked jurisdiction to make the order under attack. In determining the question as to whether an order of this character is valid or void, the same test should be applied as where a judgment is subjected to that inquiry. (42 C. J. 557, par. 272.) Conceding, as respondent contends, that the notice of motion set forth above fails to state any of the grounds which would justify the vacation of the order under section 473 of the Code of Civil Procedure, it would appear, by following the rule relating to judgments, that this deficiency would not render the order made pursuant thereto, void on its face. In the case of *Christerson* v. *French*, 180 Cal. 523–526 [182 Pac. 27], it is said:

"It is well established that a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action so long as it apprises the defendant of the nature of the plaintiff's demand. (*Blondeau* v. *Snyder*, 95 Cal. 521 [31 Pac. 591]; *Mayo* v. *Ah Loy*, 32 Cal. 477 [91 Am. Dec. 595]; *In re James*, 99 Cal. 374 [37 Am. St. Rep. 60, 33 Pac. 1122]; *Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672 [74 Pac. 301]; *Brush* v. *Smith*, 141 Cal. 466 [75 Pac. 55]; *Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341 [146 Pac. 880]; *Gillespie* v. *Fender*, [180 Cal.] 202 [180 Pac. 332]; *California Casket Co.* v. *McGinn*, 10 Cal. App. 5 [109 Pac. 1077, 1079].)"

In *Behrens* v. *Superior Court,* 132 Cal. App. 704, pages 707, 708 [23 Pac. (2d) 428], it is stated:

"In the recent case of *Associated Oil Co.* v. *Mullin,* 110 Cal. App. 385 [294 Pac. 421], the law in relation to the questions which we are considering is so fully and conclusively set forth that we quote therefrom the following as decisive in this case: 'It is essential to jurisdiction that there be some proper application invoking the judicial power of the court in respect to the matters sought to be litigated (*Young* v. *Rosenbaum,* 39 Cal. 646; *Tinn* v. *United States District Attorney,* 148 Cal. 773 [113 Am. St. Rep. 364, 84 Pac. 152]; but if a complaint shows a subject matter and a demand for relief within the jurisdiction of the court the mere fact that it fails to state a cause of action does not render the judgment void and subject to collateral attack (*Gillespie* v. *Fender,* 180 Cal. 202 [180 Pac. 332]; or, as the rule is stated in *Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27], a judgment is not void if the court has jurisdiction of the parties and subject matter, irrespective of whether the complaint states a cause of action or not, so long as it apprises the defendant of the nature of plaintiff's demand. This rule applies both to contested cases (*Le Mesnager* v. *Variel,* 144 Cal. 463 [103 Am. St. Rep. 91, 77 Pac. 988]), and to default judgments in other respects valid (*Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341 [146 Pac. 880]; *Christerson* v. *French, supra*)."

We are of the opinion that the notice of motion here (by analogy, the complaint), comes within the above rule. The nature of the demand of the moving party is set forth, and the court had jurisdiction over the person of respondent. The order made pursuant to the notice of motion and the hearing thereon was therefore not void on its face, and the trial court exceeded its jurisdiction in vacating such order on its own motion. Only an order void on its face may be thus set aside. "The effect of these well-settled rules is, that unless the invalidity of a judgment is apparent from an inspection of the judgment-roll, the court rendering it has no power, in the absence of application made within the time specified in section 473 of the Code of Civil Procedure to make any order vacating or setting aside such judgment, and the sole remedy of the aggrieved party, who may not, in fact, have been served, is to be found in a new action, on the equity side of the court. (See *Eichhoff* v. *Eichhoff,* 107 Cal. 42 [40

Pac. 24, 48 Am. St. Rep. 110] ; *People* v. *Temple,* 103 Cal. 447 [37 Pac. 414].) '' *People* v. *Davis,* 143 Cal. 673–675 [77 Pac. 651].

Pullen, P. J., and Thompson, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1940.