[Civ. No. 6710. Third Dist. Aug. 29, 1942.]

IRENE E. MORAN, Respondent, v. ARTHUR R. MORAN, Appellant.

222

Johnson & Curtright, P. H. Johnson and C. K. Curtright for Appellant.

McAllister & Johnson for Respondent.

ALLEN, J. pro tem.—This is an appeal from a judgment granting plaintiff an interlocutory decree of divorce. The record discloses the following situation:

On September 16, 1938, respondent filed an action for divorce from appellant on the ground of extreme cruelty, and alleged that she was married to appellant in Sacramento on February 11, 1918. Appellant filed an answer admitting the marriage. The action was tried on February 23, 1939, at which time respondent offered evidence duly corroborated in support of her complaint. Appellant offered no evidence and the court granted respondent an interlocutory decree of divorce on March 3, 1939. On July 17, 1939, appellant moved the court for an order vacating and setting aside said interlocutory decree of divorce, and for leave to file a cross-complaint, raising the issue that the plaintiff at the time of marriage to defendant, was the wife of Paul R. Hendricks (then living), and praying for an annulment of the marriage. This motion was granted and the cross-complaint filed.

Plaintiff filed an answer thereto, and the action was again tried on the new issues and submitted on August 30, 1939. On September 8, 1939, the trial court, on its own motion, made an order setting aside its former order which had vacated the original interlocutory decree entered on March 3, 1939, and granted defendant leave to file a cross-complaint. This latter order was held by this court to be without jurisdiction (*Moran* v. *Superior Court*, 35 Cal. App. (2d) 629 [96 P. (2d) 193]) and was annulled. On March 1, 1940, the court signed findings of fact and conclusions of law, and on the same date entered a second interlocutory decree granting plaintiff a divorce. On March 4, 1940, appellant filed notice of intention to move for a new trial on the statutory grounds set forth in subdivisions 4, 6, and 7 of section 657 of the Code of Civil Procedure, supported by an affidavit of P. H. Johnson, attorney for defendant. Defendant also served notice of intention to move the court for an order for the issuance of a commission to take the deposition of Paul R. Hendricks. This notice was dated February 28, 1940, and time fixed for hearing said motion was March 11, 1940. The motion was duly heard at that time and was denied by the court. On petition to this court a writ of mandamus was issued ordering the court to issue the commission to take the testimony prayed for. (*Moran* v. *Superior Court*, 38 Cal. App. (2d) 328 [100 P. (2d) 1096].) On April 2, 1940, a motion was made for a new trial on the grounds set forth above. At this hearing evidence was taken, and on May 3, 1940, the motion was denied. An appeal was taken from the judgment, and the record, including the proceedings on the motion and order denying a new trial, is before the court on a bill of exceptions.

This court is required to consider on this appeal the sufficiency of the evidence to support the judgment, and also whether or not the trial court erred in denying defendant's motion for a new trial.

The only evidence taken at the trial on which the interlocutory decree is based bearing on the point in issue as to the validity of the second marriage, is as follows: Plaintiff's testimony that she married defendant February 11, 1918, at Sacramento; that she had been married before to Paul R. Hendricks with whom she lived two weeks; that Paul Hendricks resided at Verona or Oakmont, Pennsylvania, when

they were married; that she resided at Verona; that Paul Hendricks took her to Verona, Pennsylvania, and walked out and left her; that she did not procure a divorce from him, and that he did not secure a divorce to her knowledge; that he died in 1915, after she came out to California; that she learned of his death by a letter from his mother prior to her marriage to defendant; that she did not have the letter. In addition to this, the deposition of LeRoy C. Hendricks was introduced by defendant to the effect that he was the brother of Paul Hendricks, whose full name was Paul Raymond Hendricks; that his brother was born in Mifflinburg, Pennsylvania; that he had not seen his brother for five years and did not know whether he was dead or living; that he imagined he was living, because if he were dead, he probably would have heard of his death; that he knew he was married to Esther Carlysle between 30 and 35 years ago at Pittsburgh, Pennsylvania; that he could not say whether he was ever divorced; that he was a barber by trade, and that the last address he heard was Waukegan, Illinois.

On motion for a new trial additional evidence was adduced. The affidavit of attorney P. H. Johnson served with notice of motion, stated that Paul R. Hendricks, ''who resides in Waukegan, Illinois,'' had knowledge of material facts as to whether or not he is the same person who was married to plaintiff, as to whether he had ever secured any divorce from her, or any decree of annulment; that the present address of said witness and the fact that he was still alive had been discovered since the trial and were unknown at the date of the trial and could not have been discovered in time to have produced him or his deposition at such trial, but that proceedings were pending to secure his deposition. Defendant also procured a certificate of the Clerk of the Court of Common Pleas of Alleghany County, Pennsylvania, to the effect that the records of such court showed no annulment or divorce of Paul R. Hendricks and plaintiff between January 1, 1900, and April 17, 1940; the affidavit and certificate of L. J. Wilmot, Clerk of the Circuit Court of the county of Lake, State of Illinois, that the records of that court showed no record of a decree of divorce or annulment of Paul R. Hendricks and the plaintiff; the marriage certificate showing the marriage of Paul Hendricks and Essie I. Carlysle, of Verona, Pennsylvania, in July, 1912; a letter from W. A. Bright, Chief of Police of Verona, Pennsylvania, stating that his

information was that Paul Hendricks was in the State of Ohio; and a letter from the Adjutant General of the War Department to the effect that that office was unable to identify positively a record of the service of Paul Hendricks, a man from Ohio or Pennsylvania in the first World War; that the military records showed that a Paul R. Hendricks was inducted into the service from Rockford, Illinois, giving his place of birth as Mifflinburg, Pennsylvania; that he had last communicated with that office from Rockford, Illinois, in 1924, and that at the time of his entrance into service he stated that he was single. Counsel for defendant also offered in evidence their file of correspondence engaged in in endeavors to locate Paul R. Hendricks, for the purpose of showing diligence. Other than the foregoing there was no evidence of the residence of Paul R. Hendricks or that he was still living or had been at the time of the marriage of plaintiff and defendant.

 Under section 61 of the Civil Code, as the evidence shows that the plaintiff's former husband left her in 1912 and was not heard from until just before her marriage in 1918, when she heard from his mother that he was dead, this second marriage is valid until its nullity is adjudged by a competent tribunal. (*Estate of Harrington,* 140 Cal. 244 [73 Pac. 1000, 98 Am. St. Rep. 51]; *Immel* v. *Dowd,* 6 Cal. App. (2d) 145 [44 P. (2d) 373]; *Marsh* v. *Marsh,* 79 Cal. App. 560 [250 Pac. 411].) It is also held that mere proof of a prior marriage and continued life of both spouses is not sufficient to make a case against a second ceremonial marriage; there must be a showing that the first marriage was not set aside by judicial decree. (*Immel* v. *Dowd, supra.*)

. Insofar as the sufficiency of the evidence to justify the granting of the divorce is concerned, there can be no question. The only question is: Did the court err in refusing to grant a new trial? Prior to 1915, an appeal was allowed from an order refusing a new trial; since that time, the ruling thereon is reviewed on an appeal from the judgment. All presumptions are in favor of the order. (*Connell* v. *Higgins,* 170 Cal. 541 [150 Pac. 769].) The trial court has a discretion which will not be disturbed, except upon a manifest and unmistakable abuse. (*Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660].) An examination of the so called newly discovered evidence upon which the motion was based shows that no one knew definitely where Hendricks was then located. The

affidavit of P. H. Johnson stated that he was "informed as to the facts of the said matter." It made no direct or explicit assertion that said Hendricks resided in Waukegan, Illinois. It recited that "Paul R. Hendricks, who resided in Waukegan, Illinois" was a person competent to testify; and that his "whereabouts and present residence address" and the fact that he was alive had been discovered since the trial. The army records showed Paul R. Hendricks entered service from "Rockford, Illinois." The letter from W. R. Bright stated that Paul Hendricks was in the State of Ohio. There was no showing on the motion that Paul R. Hendricks, if produced, would testify that he was the Paul Hendricks who married plaintiff herein, or that the said marriage had never been dissolved. For all that appeared on the motion for a new trial defendant and his counsel knew no more about these matters then than they did at the time of the trial of the divorce action in August, 1939, or when defendant filed his cross-complaint in July, 1939. It may be noted that in said cross-complaint which was verified by the same counsel who made the affidavit on motion for a new trial it was alleged that plaintiff had another husband, to wit: one Paul R. Hendricks, living at the time she married defendant herein and that the prior marriage was still in full force and effect, etc. This was not proven. Defendant asked for no continuance when the case came up for trial in August, 1939, but the case having gone against him, he now wants a new trial and states he has newly discovered evidence that will change the result. This so called "newly discovered evidence" shows that no one knows definitely where Paul R. Hendricks is now, or whether or not he ever was divorced from plaintiff. A trial must end some time. We can see no error in refusing to grant defendant's motion for a new trial.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.