(No. 6078.   June 21, 1934.)

WALKER BANK AND TRUST COMPANY, a Corporation, Respondent, v. BERTRICE H. STEELY, Executrix of the Estate of OSCAR B. STEELY, Deceased, and BERTRICE H. STEELY, Individually, Respondents, and HOBART H. STEELY, MARY I. STEELY MAXON, BERTRICE EVELYN STEELY, Sometimes Written BERTRICE E. STEELY, THE FIRST NATIONAL BANK OF POCATELLO, IDAHO, Guardian of OSCAR B. STEELY, a Minor, Intervenors, Appellants.

[34 Pac. (2d) 56.]

W. H. Witty, and Jones, Pomeroy & Jones, for Appellants.

Black & Baum for Respondent.

WERNETTE, J.—Respondent herein, Walker Bank and Trust Company, instituted this action to foreclose a real estate mortgage.

It appears that Oscar B. Steely, deceased, died testate, June 27, 1920, leaving as heirs four children, Hobart H. Steely, Mary I. Steely Maxon, Bertrice Evelyn Steely, Oscar B. Steely, and his wife, the children's mother, Bertrice H. Steely. The will of the deceased, Oscar B. Steely, was admitted to probate, and July 23, 1920, Bertrice H. Steely, wife of deceased, was duly appointed and now is the executrix of the estate. By the terms of the will the children, appellants herein, were bequeathed an undivided one-half interest of all the estate, which included the real property

involved in this litigation. About eight years after her appointment as executrix, Bertrice H. Steely filed a petition for the sale of certain of the real property belonging to the estate, alleging, in substance, among other things, that the only practical method for closing the estate within a reasonable time was by the sale of sufficient real estate to satisfy all of the indebtedness of the estate, such indebtedness consisting of $4,453.06, with interest thereon at seven per cent, being an unsecured account, and $20,000, principal and interest thereon, being secured by mortgage, the current expenses that had accrued in administering the estate, and that the debts, expenses and charges of administration accrued on said estate up to and including the 23d day of October, 1926, amounted to the sum of $47,290.41, said sum including all operating expenses of the estate, and the family allowance; that an estimate by petitioner of the debts, expenses and charges of administration which had and would accrue during the administration of the estate was the sum of $10,000, and that there was then due on the family allowance the sum of $500, and "that by selling said real estate the residue of the real property in said estate will be free and unencumbered, and from the proceeds of the sale proposed to be made, petitioner can pay all of the debts of said estate, and the same can then be closed and distribution made. . . . . " March 3, 1928, Bertrice H. Steely, as executrix, was authorized by the probate court to make a sale of the property described in her petition for the sum of $40,000, which sale was confirmed by the court March 28, 1928. Later, December 28, 1928, Bertrice H. Steely, as executrix, by her petition applied to the probate court for permission to borrow $8,000, on certain real property belonging to the estate, being the property in controversy here, and to execute a mortgage for the said amount on such real estate. It was recited in the petition that the money was to be borrowed for the following purposes:

"Expenses of administration.

"That the following is a statement of the expenses of administration which are to be paid with the proceeds of said proposed mortgage. Repairing a two story brick build-

ing on the hereinafter described premises so that the same may be used for commercial purposes and afford some income to the estate; that said real estate hereinafter described, and the building situate thereon is the only real estate now owned by the Steely estate, that it is valued at from $20,000.00 to $30,000.00, and that there are no incumbrances against the same, or no outstanding unpaid obligations against the estate; that the character of the proposed and necessary improvements is to remodel said building by placing a heating plant in the same, remodeling the first floor, placing a new front therein, so that the same may be fit for renting, and remodeling and rearranging the second floor so that the same may be rented to a prospective lessee for the conducting of a rooming house therein; that the estimated cost of said improvements is $8,000.00.

"That the advantages that may accrue to the estate by raising the required money by a note, or notes and mortgage are as follows:

"That said building prior to about the 1st day of May, 1928, had been occupied by the Tribune Company, Limited, for the purpose of publishing a newspaper in said premises for a period of over fifteen years; that the premises were vacated by said tenant about the 1st of May, 1928, which left the property in such a condition due to the character of the use it had been put to that it was and is impossible to rent it without repairing and rearranging the same for any purpose except for the purpose of operating a newspaper therein. That the building and premises adjoining the building herein referred to was previously owned by the estate, and has been sold, and that that portion of the premises sold contained a heating plant that furnished heat for the building now occupied, that the building at present has no heating plant, and that it is impossible to rent the same for any purpose without altering and repairing it. That your petitioner has tried diligently for over six months to sell said premises, and void the expense of repairing the same; that she has been unable to sell the same, or get any reasonable offer for its purchase; that the building has not brought in any revenue or income to the estate for

a period of six months or more, except a small amount during the fall when it was leased without any heat; that the property is located in the business section of the city of Pocatello, and the taxes accruing yearly against same are a considerable amount and your petitioner has no funds with which to pay taxes and insurance on the building except from said building; that your petitioner has a tenant for the second story of said building at the rate of $125.00 per month as soon as the same is repaired; that it is impossible to sell the property at present and it is absolutely necessary to alter and repair the same. . . . . ''

The same day the petition was filed an order to show cause on the petition to mortgage was issued by the probate court, which order was published the requisite number of times as required by statute. Thereafter, and on January 25, 1929, upon due proof of service of the order to show cause, and at the hearing on the petition, at which oral testimony was introduced, an order authorizing the mortgage was issued. The order authorizing the borrowing of the money and the execution of the mortgage to secure the payment thereof, among other things, recites:

''And proves to the satisfaction of the court that the order herein made, requiring all persons interested to show cause why said estate should not be mortgaged was duly published four consecutive weeks before the time appointed for this hearing in the Pocatello Tribune, a newspaper of general circulation published in said county, and the matter coming on regularly this day to be heard, the court thereupon proceeds to hear the said petition, and, after hearing the evidence, the court being satisfied that the same is for the advantages of said estate, grants said petition.''

Thereafter the executrix executed and delivered to respondent the note and mortgage in question. Upon failure on the part of the executrix to make payments of interest and taxes, as required by the mortgage, respondent instituted these foreclosure proceedings.

The defendant, Bertrice H. Steely, as executrix, answered the complaint and in her answer pleaded that the four other heirs, the children, be permitted to intervene. Respondent

had originally made said children parties defendant, but by order of the court the action was dismissed as to them. Thereafter they, Hobart H. Steely, Mary I. Steely Maxon, Bertrice Evelyn Steely and the First National Bank of Pocatello, Idaho, guardian of Oscar B. Steely, a minor, filed a petition for permission to intervene, supported by a verified complaint in intervention. In the complaint in intervention the appellants set forth that Bertrice H. Steely, as executrix, illegally continued to operate the business of the estate after the sale of the property in March, 1928; that it was her duty, under the law, after the sale of said property to pay the debts of the estate and immediately close the estate and distribute the property to those entitled thereto; that later when she made petition to mortgage the property here involved she failed to make an accounting of the money received by her from the sale of the other property; that after the sale of the other property in March, 1928, she had in her hands money in excess of the amount she petitioned to borrow from respondent and money in excess of the amount necessary to make the improvements as set forth in her petition; further, that in view of all such facts the petition of the executrix to mortgage the said property was not sufficient to vest the court with jurisdiction to make the order authorizing the mortgage; that the effect of the execution of said mortgage was to deprive intervenors unjustly and illegally of their interest in said real estate.

An order was thereafter granted by the court allowing the complaint in intervention. Respondent interposed a demurrer both general and special to the complaint in intervention, which demurrer was sustained. The intervenors, appellants herein, declined to plead further, whereupon an order of dismissal was entered, from which order this appeal is prosecuted.

The respondent moved to dismiss the appeal, based upon two grounds: 1. That the order of dismissal from which the appeal is taken is not an appealable order. 2. That the bond given, termed ''Undertaking on Appeal,'' is void.

There is no merit to either ground of the motion. The order from which the appeal is taken reads as follows:

"ORDER OF DISMISSAL.

"Upon the filing and reading of the notice of the intervenors in the above entitled cause that they elect to stand upon their complaint in intervention and decline to plead further,

"IT IS HEREBY ORDERED that pursuant to said notice, the complaint in intervention heretofore filed in said cause, be, and the same is hereby dismissed.

"Dated this 15th day of July, 1933.

"(Signed)   GUY STEVENS,
"District Judge."

"A judgment is the final determination of the rights of the parties in an action or proceeding." (I. C. A., sec. 7–701.)   In *Swinehart v. Turner,* 36 Ida. 450, 211 Pac. 558, there was before the court for consideration an instrument designated, "Order Sustaining Demurrer." The court there held that the document was an appealable judgment, and said: "The real character of a written instrument is to be judged by its contents and substance, not by its title." Said holding was approved in the late case of *Miller v. Gooding Highway Dist., ante,* p. 154, 30 Pac. (2d) 1074. After the court sustained the general demurrer to the complaint in intervention, and intervenors declined to plead further, the order dismissing the complaint left nothing pending before the district court as to intervenors' alleged cause of action and was the equivalent of a final dismissal thereof. To all intents and purposes such order was a final determination of the rights of the parties to the action and is therefore a judgment within the meaning of sections 7–701 and 11–201, I. C. A., and is appealable.

██ The undertaking on appeal, called in question, reads as follows:

"WHEREAS, Hobart H. Steely, Mary I. Steely Maxon, Bertrice Evelyn Steely, sometimes written Bertrice E. Steely, and the First National Bank of Pocatello, Idaho, as guardian of Oscar B. Steely, a minor, as intervenors, desire to give an

undertaking for an appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Bannock County, Idaho, and from that certain order filed and entered therein on the 20th day of July, 1933, dismissing the complaint in intervention of said intervenors.

"NOW THEREFORE, we the undersigned sureties do hereby obligate ourselves jointly and severally to Walker Bank & Trust Company, a corporation, plaintiff in said cause, and Bertrice H. Steely, Executrix of the Estate of Oscar B. Steely, deceased, and Bertrice H. Steely, individually, two of said defendants, under said statutory obligations in the sum of $300.00.

"WITNESS OUR HANDS this the 9th day of September, 1933.

"(Signed)   NATE BLOCK
"HARRY BRYAN."

We would not recommend the form used by appellants as a model to be followed, yet we believe the same merely to be defective and not void. Respondent contends that the undertaking does not specify or state the court to which the appeal is taken. True, it does not specify that the appeal is taken to the supreme court, but it does state that the appeal is taken from the district court, and under our statutes the supreme court is the only court to which an appeal from the district court can be taken. It is contended that the undertaking is defective in that it does not designate the particular section of the statute providing for undertakings on appeal to the supreme court. The answer to such contention is, that there is but one section of the statutes, namely, sec. 11–203, I. C. A., providing for undertakings on appeal to this court. The undertaking in question clearly shows that it was the intention of the parties to provide an undertaking on appeal as required by the statute. Further, sec. 11–203, I. C. A., among other things, provides:

"  . . . . If any undertaking be insufficient or defective in any respect, such insufficiency or defect shall be deemed waived unless the respondent, within twenty days after the filing of such undertaking, shall file and serve upon the

appellant or his attorney a notice, in writing, pointing out specifically the defects and insufficiencies of such undertaking. No defect or insufficiency not thus specifically pointed out shall subsequently be urged against the undertaking or the appeal. The appellant may, within five days after such service of said notice, file a new undertaking which shall be in lieu of the one previously filed.''

The respondent did not serve upon the appellants or their attorneys, notice in writing pointing out the defects or insufficiencies of such undertaking within twenty days of filing the same, and, therefore, waived the same. (*Bothwell v. Keefer*, 52 Ida. 737, 20 Pac. (2d) 199; *Van Sicklin v. Mayfield Land etc. Co.*, 41 Ida. 673, 241 Pac. 1022; *Cupples v. Stanfield*, 35 Ida. 466, 207 Pac. 326; *Clear Lake Power etc. Co. v. Chriswell*, 31 Ida. 339, 173 Pac. 326; *Martin v. Wilson* (on rehearing) 24 Ida. 363, 134 Pac. 535.) The motion to dismiss the appeal is therefore denied.

Proceeding now to a consideration of the case on its merits. It is the serious contention of appellants that the probate court was without authority and had no jurisdiction to make the order authorizing the mortgage in question, and if that be true then the order was null and void and the mortgage would be unenforceable as to any interest appellants may have in the real property covered by the mortgage. This contention of appellants is based upon various grounds, those pertinent to the issue being herein discussed.

Section 21, article 5, of the Idaho Constitution provides, *inter alia:*

''The probate courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and appointment of guardians. . . . . ''

Section 1–1203, I. C. A., reads as follows:

''CONSTRUCTION OF PROBATE PROCEEDINGS AND JUDGMENTS.—In the exercise of its probate jurisdiction the proceedings of this court are construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees in probate proceedings there is ac-

corded like force, effect and legal presumptions as to the records, orders, judgments and decrees of district courts.''

██ ██ It must be admitted that the complaint in intervention of appellants is a collateral attack upon the order of the probate court authorizing the borrowing of the money by the executrix and the execution of the mortgage in question. According to said provision of the Constitution and the laws of the state, the probate court of Bannock county had jurisdiction of the estate of Oscar B. Steely, deceased. It is not contended by appellants that the probate court did not obtain jurisdiction of the estate, or that the executrix was not duly appointed and qualified in the first instance, as no question is raised concerning the initiation of administration or the appointment of the executrix. When the jurisdiction of the probate court once attaches to the estate of a deceased person, then it continues until the property belonging to the estate is distributed and the estate is closed according to law, and section 15–410, I. C. A., in part, provides:

''The executor or administrator is entitled to the possession of all the real and personal estate of the decedent, and to receive the rents and profits of the real estate, until the estate is settled, or until delivered over by order of the probate court to the heirs or devisees; and must keep in good tenantable repair all houses, buildings and fixtures thereon, which are under his control. . . . . ''

██ ██ Appellants argue most strenuously that when the executrix sold part of the real property belonging to the estate, by order of the court, for which the estate received $40,000, that there was ample money in the hands of the executrix belonging to the estate to pay the debts of the decedent and all claims against the estate; that the time having expired during which claims against the estate could be presented and filed, it was then the immediate duty of both the executrix and the probate court to distribute the estate and close the same. If we understand the appellants correctly in their brief, it is also their contention that it was the statutory duty of the probate court to direct, and the executrix herein, to distribute the estate at the end of the time

for filing claims against the estate, which was ten months from the first publication of notice to creditors. Appellants refer us to section 15–411, I. C. A., which reads as follows:

"Unless it satisfactorily appears to the probate court that the rents, issues and profits of the real estate for a longer period are necessary to be received by the executor or administrator, wherewith to pay the debts of the decedent, or that it will probably be necessary to sell the real estate for the payment of such debts, at the end of the time limited for the presentation of claims against the estate, the court must direct the executor or administrator to deliver possession of all the real estate to the heirs at law or devisees."

Conceding that under the above statute it may have been the duty of the executrix to distribute the remaining property after the sale, and upon her failure to do so it became and was the duty of the probate court to direct her to deliver possession of the remaining real estate to the heirs at law or devisees, this was not done and the failure on the part of the probate court so to do certainly did not deprive it of jurisdiction of the estate and the property belonging to the estate. As to the executrix, she had all of the powers and duties, as such, provided by law, so long as she remained executrix of the estate. (*Long v. Landman,* 118 Mich. 174, 76 N. W. 374.) If the estate was in such condition that the property could be distributed, as contended for by appellants, and the executrix and the probate court refused to do so, the appellants, if dissatisfied on account of the delay, could have compelled either or both to act, the law providing ample remedy for their protection.

At the time when the order in question was made, C. S. 1919, sec. 7668, now sec. 15–901, I. C. A., relative to the power of the probate court regarding the mortgaging of property belonging to a decedent's estate was in full force and effect, and C. S. 1919, sec. 7669, as amended by Session Laws 1927, chap. 247, was in effect, relative to the proceedings to be taken for the mortgaging of real property. Chapter 247, Session Laws 1927, among other things, providing:

"Section 7669. MORTGAGE OF REALTY. To obtain an order to mortgage such realty or to mortgage, pledge or hypothecate personal property, including notes secured by real estate mortgages, the proceedings to be taken and the effect thereof shall be as follows:

"1. The executor or administrator of any estate, or guardian of any minor or incompetent person, or any person interested in the estates of such decedents, minors, or incompetent persons, may file a verified petition showing:

"a. The particular purpose or purposes for which it is proposed to make the note or notes and mortgages which shall be either to maintain the ward and his family, or to maintain and educate the ward when a minor, or to pay, reduce, extend or renew some lien or mortgage already subsisting on the realty of said ward, or some part thereof, and in the case of decedent's estates, to pay the debts, legacies, or charges of administration, or to pay, reduce, extend or, renew some lien or mortgage already subsisting on said realty or some part thereof.

"b. A statement of the facts and circumstances showing the insufficiency of the income of the estate under guardianship to maintain the ward and his family, or to maintain and educate the ward, when a minor, and the liens or mortgages to be paid, reduced, extended, or renewed, as the case may be; and in the case of decedent's estates, to pay the debts, legacies, or charges of administration, and the liens or mortgages to be paid, reduced, extended, or renewed, as the case may be.

"c. The advantage that may accrue to the estate from raising the required money by note or notes and mortgage, or providing for the payment, reduction, extension, or renewal of the subsisting liens or mortgages, as the case may be."

The probate court, by statute, is given exclusive jurisdiction over the mortgaging of real property belonging to an estate, subject only to the limitations of the law therein set forth. It has been the uniform holding of this court that the orders and decrees of the probate court import verity and cannot be attacked collaterally. (*Harkness v. Utah*

*Power & Light Co.,* 49 Ida. 756, 291 Pac. 1051; *Knowles v. Kasiska,* 46 Ida. 379, 268 Pac. 3; *Larsen v. Larsen,* 44 Ida. 211, 256 Pac. 369; *Jorgensen v. McAllister,* 34 Ida. 182, 202 Pac. 1059; *Fraser v. Davis,* 29 Ida. 70, 156 Pac. 913, 158 Pac. 233; *Connolly v. Probate Court,* 25 Ida. 35, 136 Pac. 205; *In re Arva and Elmer Brady,* 10 Ida. 366, 79 Pac. 75; *Clark v. Rossier,* 10 Ida. 348, 78 Pac. 358, 3 Ann. Cas. 231.)

▆▆ In *Goodrich v. Ferris,* 214 U. S. 71, 29 Sup. Ct. 580, 53 L. ed. 914, the supreme court of the United States said:

"It is elementary that probate proceedings by which jurisdiction of a probate court is asserted over the estate of a decedent for the purpose of administering the same is in the nature of a proceeding *in rem,* and is therefore one as to which all the world is charged with notice."

The law as thus laid down was approved by this court in *Connolly v. Probate Court, supra.* In the case at bar the court had jurisdiction of the decedent's estate; it also had jurisdiction of the subject matter, for the statute above quoted expressly authorizes it to hear and grant or refuse petitions for permission to mortgage property of an estate. By the filing of the petition and the giving of statutory notices thereon, the court thereby acquired jurisdiction of the subject matter and the question to be decided, and for the same reason had jurisdiction of the parties. The probate court having acquired jurisdiction of the estate, the parties, the subject matter and the question which its order assumed to decide, such order cannot be collaterally attacked, as was sought to be done in this case. The remedy was by appeal from the order complained of or by motion or other proceeding in the probate court to have the same set aside.

In *Clark v. Rossier, supra,* this court quoted with approval the following, as found in Van Fleet on Collateral Attack, sec. 61:

" 'The test of jurisdiction . . . . is whether the tribunal has power to enter upon the inquiry and not whether its conclusions in the course of it were right or wrong;' and in quoting from a Wisconsin case it is there said: 'Had

the court or tribunal the power under any circumstances to make the order or perform the act? If this be answered in the affirmative, then its decision upon those circumstances becomes final and conclusive until reversed by a direct proceeding for that purpose.'" See 11 R. C. L. 78, sec. 75. In *Harkness v. Utah Power & Light Co., supra,* this court said:

"No charge of fraud or inadequacy of price is alleged in the complaint; and appellants' attack, wholly collateral in its nature . . . . is based solely upon alleged defects in the proceedings, which appellants insist rendered the subsequent sale void.

"Judgments and decrees of a court of record can be collaterally attacked only for fraud or lack of jurisdiction, meaning, of course, jurisdiction of the parties, subject matter and the question to be decided."

The petition which was filed by the executrix herein, asking for authority to give the mortgage, was sufficient to require the probate court to inquire as to whether the executrix should be permitted to give the mortgage. Even though the petition had failed to set forth some of the facts which may have been essential, such failure will not invalidate the subsequent proceedings if the defect be supplied by proof at the hearing, and the order in question affirmatively recites that evidence was introduced at the time of the hearing, sufficient to satisfy the court that the giving of the mortgage was for the advantage of the estate. (*Harkness v. Utah Power & Light Co., supra.*) In *Associated Oil Co. v. Mullin,* 110 Cal. App. 385, 294 Pac. 421, the court said:

"A judgment is not void if the court has jurisdiction of the parties and subject-matter, irrespective of whether the complaint states a cause of action or not, so long as it apprises the defendant of the nature of plaintiff's demand." (See, also, *Roemer v. Nunes,* 73 Cal. App. 368, 238 Pac. 820; *Crouch v. H. L. Miller & Co.,* 169 Cal. 341, 146 Pac. 880.)

By analogy the same rule would apply with reference to the petition herein. There certainly could be no question

as to what the executrix was petitioning for, namely; to place a mortgage of $8,000, on the real estate. The appellants were parties to said proceeding and had notice of such fact and did not appear and make any objections thereto. There is nothing on the face of the order in question showing that the probate court did not have jurisdiction or that it is void, therefore it is not subject to collateral attack.

From what has been said it is not necessary to discuss the other points raised by appellants. If the probate court committed any error or mistake in making the order complained of the remedy of appellants was by appeal from its order, or by motion or other proceeding in the probate court to vacate or set aside the order.

For the reasons herein stated the judgment is affirmed, with costs allowed to respondent.

Budge, C. J., and Givens, Morgan and Holden, JJ., concur.