483 P.2d 1326

Ernest E. **OBERBILLIG**, Plaintiff-
Respondent,

v.

Harlow H. **OBERBILLIG**, Defendant-
Appellant.

No. 10529.

Supreme Court of Idaho.

April 20, 1971.

Clemons, Skiles & Green, Boise, for appellant.

Hawley, Troxell, Ennis & Hawley, Boise, for appellee.

SPEAR, Justice.

J. J. Oberbillig died intestate on January 7, 1958. Harlow Oberbillig, a son, applied for and was granted letters of administration on May 13, 1958. More than nine years later the estate had not been closed and on September 14, 1967 Ernest Oberbillig, another son, petitioned to be appointed co-administrator in his father's estate. The probate court granted letters of co-administration to Ernest Oberbillig over Harlow Oberbillig's objection on November 14, 1967. This order of the probate court was affirmed by the district court on March 20, 1969. Harlow Oberbillig has appealed this order of the district court.

The only issue presented in this appeal is whether a co-administrator can be appointed where the original administrator is still duly qualified and has not had his authority revoked. Appellant argues in opposition to the appointment of the co-administrator essentially that the probate court was without power to make such an appointment. While the statutes do authorize appointment of more than one administrator or executor, appellant contends that once the probate court has made an appointment, it cannot add a co-administrator unless the power of the first is revoked or he is absent or under some disability. Accordingly, appointing a co-administrator to act with the existing administrator dilutes the power of the original administrator since any action thereafter requires the concurrence of both and is tantamount to replacing the first. Appellant also asserts that by waiting nine years to apply for letters of administration, respondent waived his

equal right to be appointed administrator or co-administrator.

At the time this controversy arose, the probate court had original jurisdiction of the probate of estates and this jurisdiction continued until the estate was closed. I.C. § 1–1202; Walker Bank and Trust Co. v. Steely, 54 Idaho 591, 34 P.2d 56 (1934); Idaho Trust Co. v. Miller, 16 Idaho 308, 102 P. 360 (1909). This power included the power to appoint administrators and co-administrators. I.C. § 15–315. The probate court also had power to revoke letters of administration for excessive delay in administration of the estate. I.C. § 15–367. It is clear therefore that the probate court had power to appoint more than one person to administer an estate and to remove an administrator. The statutes do not specifically provide for the appointment of a co-administrator to act in conjunction with an existing administrator when there has been a delay in administration, but our interpretation of these sections is that such power exists by inference. If it was within the power of the probate court to remove an administrator for delay, then the power to take lesser action, such as appointing a co-administrator, must also have been within the statute. The probate court by statute had discretion to appoint the co-administrator and where in excess of nine years had elapsed and the estate had still not been closed, the court did not abuse its discretion in making the appointment.

Appellant's contention that respondent waived his right to be granted letters of administration by waiting more than nine years to make application is also without merit. Most of the authority cited in appellant's brief covering this point concerns situations in which one with a superior right to administer, and who made no application, objected to the appointment of another with a lesser right. These cases are inapplicable here. Respondent made no objection to the appointment of appellant. Rather, respondent was essentially objecting to the manner in which appellant was conducting the affairs of the estate. While such an objection might be waived by lack of objection over a period of time, no such acquiescence on the part of respondent appears in the record.

The order of appointment of Ernest Oberbillig as co-administrator in the estate of J. J. Oberbillig is affirmed.

Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.