498 P.2d 1289

**L. Golden PETERSON, Plaintiff-Respondent,**

**v.**

**LaVel NEAL and Jane Doe Neal, his wife, et al., Defendants-Appellants.**

**No. 10822.**

Supreme Court of Idaho.

July 14, 1972.

---

Kenneth E. Lyon, Jr., Pocatello, for defendants-appellants.

E. L. Scott, Malad, and E. J. Skeen, Salt Lake City, Utah, for plaintiff-respondent.

SHEPARD, Justice.

This action was initiated by the plaintiff-respondent to quiet title to approximately 51 acres of land located near Stone, Idaho. The trial court entered judgment quieting title to the property in plaintiff and defendants have appealed. We reverse the judgment of the district court and remand the cause for a new trial. As will be indicated, we hold that the evidence is wholly insufficient to support the findings of fact, conclusions of law and judgment of the trial court.

The property in question herein was indisputably owned by one Anton Peterson who was the father of the plaintiff and the grandfather of the defendant Evelyn Neal. He died in 1930 in Salt Lake City, Utah leaving both real and personal property in the states of Utah and Idaho. The record before us does not disclose what disposition if any, was made of the estate of Anton Peterson either in Utah or in Idaho. He was survived by his wife, Elizabeth, who died in 1937 in Snowville, Utah. She died leaving a purported holographic will, which devised the Idaho real property in question herein to the plaintiff and three of his sisters.

In 1942 plaintiff was appointed administrator for the estate of Elizabeth Peterson in the State of Utah. The record before us is wholly devoid of any competent evidence regarding the completion of that probate or what actions, if any, have proceeded thereunder.

In 1940 the probate court of Oneida County, Idaho appointed an administrator for the estate of Elizabeth Peterson. The record discloses that at some unknown time thereafter such appointed administrator died. In 1967 the defendant Evelyn Neal filed for letters of administration in the estate of Elizabeth Peterson in the probate court of Oneida County. Plaintiff herein entered a motion to dismiss that petition. The record before us is wholly devoid of any showing of the disposition of defendant Evelyn Neal's petition, or any ruling upon plaintiff's motion to dismiss that petition. The record does not show whether any successor administrator has been appointed and in fact the record does not disclose any proceedings in what was apparently an ancillary probate of the estate of Elizabeth Peterson in Idaho.

The record indicates that sometime in the year 1949 in Boxelder County, Utah some type or kind of a Utah court action was culminated. Thereafter, plaintiff herein gave checks for $200 each to various of his brothers and sisters, including the mother of defendant herein, Evelyn Neal. The record fails to disclose the nature of that action or what disposition, if any, was made by the court. There is a lack of showing of what relationship, if any, the payment of the $200 checks bore to that action. There is a lack of showing the relationship, if any, between that 1949 Utah Court action and the probate of the estate of Anton Peterson or Elizabeth Peterson in either Utah or Idaho.

On June 28, 1967, the plaintiff herein obtained a quitclaim deed to the property in question which was signed by five of his sisters (not including, however, the mother of defendant Neal). That deed recites the consideration as being $1. At the time of the execution of that deed plaintiff and his said five sisters constituted the then *surviving* children of Anton and Elizabeth Peterson. However, there is no showing in the record that at the time of the execution of the deed, or at any time prior thereto, there were children of Anton and Elizabeth Peterson who were deceased and who had in turn been survived by children or other heirs.

Plaintiff apparently has been in control of the property in question herein for some time in the past and has rented it out for grazing purposes. In 1963 and continuing to the present, the defendants have controlled to some extent and occupied the property and have made improvements thereon. Defendants assert that an oral contract of sale was entered into by and between them and the plaintiff in 1963 for the purchase and sale of the property. Plaintiff contends that the alleged contract was only a lease of the property. In any event, no writing resulted from whatever alleged oral contract was in fact negotiated between the parties.

The district court, as herein stated, made findings of fact and conclusions of law. Those findings strongly imply that the Utah probate of the will of Elizabeth Peterson was completed. Said findings also purport to find an adverse possession of the property by the plaintiff herein. The district court stated among other matters:

" * * * that no ancillary proceedings were had in Idaho pertaining to the Idaho property bequeathed in the Will [of Elizabeth].

"4. * * * That after such Will was probated in Utah, in the year 1949, the plaintiff paid to the other sons and daughters of Antone Levi Peterson and Elizabeth Ann Peterson the sum of $200.00 each and received a Quit Claim Deed covering the above described land from * * *."

As above stated, we conclude that the findings of the trial court in this matter are without sufficient evidentiary basis to support the judgment. There is no showing in the record that the Utah probate of the estate of Elizabeth Peterson was completed. Further, the record is clear that what was probably an ancillary probate of the estate of Elizabeth Peterson located in Idaho was started in Oneida County but has never been completed. The correctly authenticated copies of court records are necessary to a correct determination of the status of the property at issue herein. There are additional questions for which no answer is found in the record.

The property in dispute herein was in the past held in the name of Anton Peterson. At his death no determination by any court of competent jurisdiction has been made as to the passage or vesting of title to that property. We are not informed whether this property was community property and therefore might likely have vested in his then surviving wife, Elizabeth Peterson. We note that the tax records of Oneida County indicate that the property taxes were paid in the name of Anton Peterson for many years after his death and were never paid in the name of Elizabeth Peterson. We further note that the records of the probate court in Oneida County indicate that a proceeding was initiated to probate the joint estates of Anton and Elizabeth Peterson.

We are not informed by the record as to the disposition of the estate of Elizabeth Peterson. The record implies that the probate of the estate of Elizabeth was initiated in Utah based on a holographic will executed by her. As aforesaid no showing is made of the conclusion of that probate proceeding. The abortive probate proceeding initiated in Oneida County, Idaho indicates that she died *intestate*.

It is clear from the record that the plaintiff herein in many of his dealings with the property in question herein regarded himself as executor or administrator or at least manager of the estate of either Anton or Elizabeth Peterson, or perhaps both. It is clear that an Idaho executor is entitled to possession of the property of the estate in Idaho until the estate is settled or until the property is delivered or otherwise disposed of pursuant to an order of the court. I.C. § 15–410; Walker B. & T. Co. v. Steely, 54 Idaho 591, 34 P.2d 56 (1934). However, there is no showing that the plaintiff herein as the executor of the estate of Elizabeth Peterson as appointed by a Utah court is entitled to possession of estate property which is located within the State of Idaho.

The ultimate disposition of this case by the trial court will turn to a large extent upon answers to some of the above posed questions. We do not deal herein with appellants' contention that the findings of the trial court as to adverse possession by the plaintiff are not supported by the evidence. The status of the plaintiff under the law of both Utah and/or Idaho may prohibit plaintiff from asserting a claim of adverse possession if he were in fact holding or controlling the property as an executor, an administrator or perhaps as a trustee for the heirs of the estate. It would be inappropriate for us to attempt to deal with the many questions of law which may stem from the ultimate findings of fact upon a retrial of this action. Until such questions of fact are adequately resolved by the trial court upon a retrial, any further discussion of the law would be merely an opinion seeking a case, and an affront to the trial court.

We note, however, that the connection assumed by the trial court to exist between the payment of $200 in 1949 and the issuance of a deed in 1967 is not supported by the record. Nor in any event is there any connection shown between the payment of the $200 sum and an attempt to convey or waive title to the property in question herein.

The cause is reversed and remanded for a new trial. Costs to appellant.

McQUADE, C. J., DONALDSON and BAKES, JJ., and THOMAS, D. J., concur.